UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDRES AGUIAR | CIVIL ACTION NO. 1:16-CV-01583 |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN M.A. STANCIL, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a motion for injunctive relief filed by Plaintiff Andres Aguiar ("Aguiar") (Doc. 3). Aguiar is confined in the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). Aguiar filed a petition for a writ of mandamus to compel Warden Stancil to forward his grievances concerning threats, intimidation, and other harassment tactics by prison officials to the Department of Justice. Aguiar contends that, instead of handling his grievances properly, Warden Stancil is requiring Aguiar to go through the informal resolution process pursuant to 28 C.F.R. 541.13(a).[1]

In his request for a Temporary Restraining Order ("TRO") (Doc. 3), Aguiar contends he has been subjected to numerous threats and intimidation tactics by prison officials designed to impede and deter him from filing grievances at USP-Pollock. Aguiar contends one of those threats is to transfer him out of USP-Pollock.

---

[1] § 542.13, Informal resolution–
    (a) Informal resolution. Except as provided in § 542.13(b), an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy. Each Warden shall establish procedures to allow for the informal resolution of inmate complaints.

Aguiar asks the Court for a TRO to prevent Warden Stancil, or other prison officials: (1) from transferring him out of USP-Pollock during the pendency of these proceedings; and (2) from engaging in any other retaliatory tactics against Aguiar during the pendency of these proceedings (Doc. 3).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

In the instant case, Aguiar has failed to meet the requirements set forth above. Aguiar has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition, or that there is a substantial threat of irreparable injury to him if his requested injunction is not granted.

The Due Process clause of the Fourteenth Amendment does not endow a prisoner with a protected liberty interest in the location of his confinement. See Meachum v. Fano, 427 U.S. 215, 228 (1976); see also Taylor v. Carlize, 172 Fed. Appx. 589, 590 at n.3 (5th 2006). A prisoner has no liberty interest or right to be housed in a particular facility. See Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014). The BOP has wide discretion in designating the place of a prisoner's imprisonment. See Siebert, 586 Fed.Appx. at 189 (citing 18 U.S.C. § 3621(b)).

Since Aguiar does not have a constitutional right to be incarcerated in a particular prison, he cannot show he will suffer "immediate and irreparable injury, loss, or damage" if he is transferred from USP-Pollock to another prison facility. The fact that such a transfer would probably moot his petition for a writ of mandamus does not demonstrate "immediate and irreparable injury, loss, or damage."

Aguiar has not alleged any other specific activity for which the Court should grant a TRO. Accordingly, Aguiar's motion for a TRO should be denied. If prison officials engage in retaliatory activity[2] against Aguiar, he may file another motion for injunctive relief, or a <u>Bivens</u>[3] claim alleging violation of his constitutional rights by federal prison officials.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Aguiar's request for a temporary restraining order (Doc. 3) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy

---

[2] An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate. <u>Woods v. Smith</u>, 60 F.3d 1161, 1165 (5th Cir. 1995), cert. den., 516 U.S. 1084 (1996). The inmate must be prepared to establish that, but for the retaliatory motive, the complained-of incident (such as filing disciplinary reports) would not have occurred. Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. <u>See</u> <u>Woods</u>, 60 F.3d at 1166; <u>see also</u> <u>Hanna v. Maxwell</u>, 415 Fed.Appx. 533, 535 (5th Cir. 2011) (citing <u>Jones v. Greninger</u>, 188 F.3d 322, 324–25 (5th Cir. 1999)).

[3] <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana on this 5th day of December 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge