UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANDRES AGUIAR,                         CIVIL ACTION NO. 1:16-CV-1583-P
Petitioner

VERSUS                                 CHIEF JUDGE DRELL

WARDEN STANCIL, ET AL.,                MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of mandamus (28 U.S.C. § 1361) filed by pro se Petitioner Andres Aguiar (#37249-053) ("Aguiar"). Aguiar is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-P"). Aguiar filed a petition for writ of mandamus and a motion for temporary restraining order. (Doc. 1, 3). Denial of the temporary restraining order has been recommended. (Doc. 7).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.   Background

Aguiar alleges that he "has been corruptly impeded through threats and intimidation tactics by prison officials in order to prevent him from filing certain grievances." (Doc. 1, p. 1). Aguiar does not identify or describe any grievance he was prevented from filing.

Aguiar alleges that the informal resolution process at USP-P is "being used to monitor complaints beforehand in order to obstruct and impede the process via illegitimate means." (Doc. 1, p. 2). Aguiar alleges that Respondents lose or discard inmate grievances, threaten inmates, plant contraband in inmates' cells in retaliation for filing grievances, falsify documents, provide false information to inmates that other inmates are informants, and pay inmates to assault complaining inmates. (Doc. 1, p. 2-3). Aguiar alleges that Respondents submit false requests on behalf of prisoners for transfer to other prisons. (Doc. 1, p. 3). Aguiar does not allege that any of these actions by Respondents were taken against him personally.

Aguiar filed a petition for writ of mandamus to order Respondents to accept and/or resolve his administrative grievances without threats or retaliation.[1]

---

[1]Aguiar previously filed similar petitions for writs of mandamus in the United States District Court for the Eastern District of New York. In one case, Aguiar sought to compel prison officials to provide him administrative remedy forms and to respond to his requests for administrative remedy. See Aguiar v. Laird, No. 07-CV-1081, 2008 WL 795303, at *1 (E.D.N.Y. Mar. 24, 2008). The district court denied the petition, finding that, "insofar as petitioner is challenging the denial of any discretionary relief by the prison staff, he can obtain no such relief from the court through mandamus. Natural Res. Def. Council. Inc. v. Thomas, 689 F.Supp. 246, 260 (S.D.N.Y. 1988), aff'd, 885 F.2d 1067 (2d Cir. 1989) ("[I]t is well settled that a writ of mandamus can only compel an official to perform a ministerial duty and not a discretionary act."). Id. at *3, n. 3.

In another mandamus proceeding, Aguiar sought to compel the respondent warden to ensure that inmates are able to file administrative remedy requests without fear of retaliation and to investigate a correctional officer for obstruction of justice. See Aguiar v. Lindsay, No. 07-CV-3104, 2010 WL 1286217, at *1 (E.D.N.Y. Mar. 31, 2010). The petition was denied because Aguiar could not show that Respondents failed to perform a defined, non-discretionary duty, or that there was no other adequate remedy available. Id.

## II.   Law and Analysis

### A.   Aguiar's complaint is subject to screening under § 1915A.

As a prisoner seeking redress from an officer or employee of a governmental entity, Aguiar's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B.   Aguiar is not entitled to mandamus relief.

Pursuant to 28 U.S.C. § 1361, "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner." 28 U.S.C. § 1361. The writ of mandamus is an extraordinary remedy, and should only be used in extraordinary circumstances. See United States v. Fierro, 47 F.3d 424 (5th Cir. 1995). The petitioner seeking a writ of mandamus "must show that no other

adequate means exist to attain the requested relief and that his right to the issuance of the writ is 'clear and indisputable.'" <u>Fierro</u>, 47 F.3d at 424 (quoting <u>In re Willy</u>, 831 F.2d 545, 549 (5th Cir. 1987)). The issuance of the writ of mandamus lies within the discretion of the court. <u>See</u> <u>Fierro</u>, 47 F.3d at 424.

In order for a petitioner to be granted mandamus relief, he must demonstrate "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." <u>In re Stone</u>, 118 F.3d 1032, 1034 (5th Cir. 1997).

First, it is noted that Aguiar does not allege any personal instances of retaliation by Respondents. Nor does Aguiar identify any personal grievances that he was unable to pursue because of Respondents' actions. The jurisdiction of a federal court may only be invoked when a litigant personally has suffered some threatened or actual injury. <u>See</u> <u>Gale v. Carnrite</u>, 559 F.3d 359, 363 (5th Cir. 2009). "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling." <u>Society of Separationists, Inc. v. Herman</u>, 959 F.2d 1283, 1285 (5th Cir.1992) (en banc), <u>cert. denied</u>, 506 U.S. 866 (1992); <u>see also</u> <u>St. Paul Fire and Marine Ins. Co., v. Labuzan</u>, 579 F.3d 533, 539 (5th Cir. 2009).

To the extent that Aguiar seeks an order directing Respondents to accept and/or resolve his grievances, Aguiar is not entitled to a writ of mandamus. An inmate has no constitutional right to a grievance procedure. <u>See</u> <u>Geiger v. Jowers</u>, 404 F.3d

371, 374–75 (5th Cir. 2005). Nor does an inmate have a due process liberty interest in having his grievance resolved to his satisfaction. See id. Thus, even if Respondents have failed to accept or resolve his grievances, Aguiar cannot show "a clear duty by the respondent to do the act requested." See In re Stone, 118 F.3d at 1034.

To the extent that Aguiar has experienced any form or retaliation, he has an "adequate remedy" through a Bivens action to raise any such claims. See In re Stone, 118 F.3d at 1034; United States v. Fierro, 47 F.3d 424 (5th Cir. 1995) (to recover for any Eighth or Fourteenth Amendment violations, the petitioner can bring a Bivens action); Aunhkhotep v. Pearson, No. 5:09-CV-103, 2010 WL 3879960, at *1 (S.D. Miss. Mar. 3, 2010), report and recommendation adopted, 2010 WL 3879400 (S.D. Miss. Sept. 28, 2010) (Petitioner had another available adequate remedy under Bivens for raising constitutional violations).

To the extent that Aguiar has experienced verbal threats by Respondents, he cannot state a constitutional claim. Verbal threats, without more, do not support a claimed constitutional violation. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).

Aguiar cannot demonstrate a clear right to mandamus relief. He has not presented allegations indicating that any officer of the United States has failed to perform a duty owed to Aguiar.

III.  **Conclusion**

For the foregoing reasons, it is IT IS RECOMMENDED that Aguiar's petition for writ of mandamus be DENIED and DISMISSED, with prejudice, pursuant to § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _13th_ day of January, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge