UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| ANDRES AGUIAR,<br>Plaintiff | CASE NO. 1:16-CV-01583; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| M A STANCIL, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a motion filed by Plaintiff Andres Aguiar ("Aguiar") requesting this Court to issue an order, pursuant to 28 U.S.C. § 1361, instructing the Federal Bureau of Investigation ("FBI") and the United States Postal Inspector's Office to investigate and prosecute certain prison officials for obstruction of justice and violating United States postal laws. (Doc. 15).

Aguiar alleges that mail room officers at United States Penitentiary – Pollock are violating United States postal laws and Federal Bureau of Prison regulations. He states that when mail from the local federal courthouse is received in the prison mailroom, the officers use the information contained in the caption of the case to look into the court records via PACER, and then share the information with other prison guards. He additionally alleges that a mailroom officer has refused to process Aguiar's outgoing certified mail letters, and that prison officials had refused to make photocopies for him of a letter for the Warden which Aguiar states he was unable to send. He also asserts that prison staff delayed the delivery of at least one letter, specifically the Court's letter extending the time to file a response to the Report and

Recommendation. Furthermore, Aguiar states that following a search on February 27, 2017, all of his legal papers and books, and most of his other personal items, were missing, but that other inmates in the adjoining cells had their personal property and legal materials returned within a couple of hours. He states that when he was allowed to retrieve legal materials from his property, he noticed items were missing and vandalized in "an act of sabotage and reprisals" for filing court cases. (Doc. 15, p. 15, 17/25). Aguiar attaches as exhibits a Memorandum from the Warden of F.C.C. Pollock regarding a scheduled shakedown of the housing units, and the F.C.C. Pollock commissary list.

The federal mandamus statute states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an extraordinary remedy and will issue only to compel the performance of a clear nondiscretionary duty. Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1998).

Before the writ of mandamus may issue, "three elements must coexist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to perform the act in question; and (3) no other adequate remedy available." Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969). Mandamus does not supersede other remedies. Rather, it comes into play where there is a want of such remedies. Id. The alternative remedy must be adequate, meaning that it is capable of affording full relief as to the very subject matter in question. Id.

2

A writ of mandamus is not available to review the discretionary acts of officials. Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992). The FBI's decision to investigate a complaint is a discretionary decision, and Aguiar does not have a legal right to demand that the FBI investigate his complaint. See 28 U.S.C. §535; see also James v. Giddens, No. 14-364, 2015 WL 5437345, at *2 (M.D. La. Sept. 14, 2015). The postal inspector's decision whether to conduct an investigation is also discretionary. Roots v. Callahan, 475 F.2d 751, 752 (5th Cir. 1973). Furthermore, Aguiar has an alternative remedy in the form of a Bivens action to raise any such claims. See In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997); United States v. Fierro, 47 F.3d 424 (5th Cir. 1995) (to recover for any Eighth or Fourteenth Amendment violations, the petitioner can bring a Bivens action); Aunhkhotep v. Pearson, No. 5:09-CV-103, 2010 WL 3879960, at *1 (S.D. Miss. March 3, 2010), report and recommendation adopted, 2010 WL 3879400 (S.D. Miss. Sept. 28, 2010) (Petitioner had another available adequate remedy under Bivens for raising constitutional violations). Therefore, Aguiar cannot demonstrate a clear right to mandamus relief.

Accordingly, IT IS ORDERED that Aguiar's motion for writ of mandamus pursuant to 28 U.S.C. § 1361 (Doc. 15) is DENIED.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_24th\_\_ day of July, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge